IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:22-CV-178-FL

| | | |
|---|---|---|
| SAVE OUR CHILDREN TRUTH COMMISSION, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| UNITED STATES GOVERNMENT, ET AL., | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court upon failure by numerous pro se plaintiffs to respond to deficiency orders, and on the court's own initiative regarding representation of remaining pro se plaintiffs.

Where the following plaintiffs did not timely correct deficiencies on notices of self-representation or financial disclosure statements, they are DISMISSED without prejudice from this action for failure to prosecute:

1. Dmtri Cash
2. Lisa Cash
3. David Mines
4. Robert Lisby, Jr.
5. Stephanie Humphrey
6. Kenya Cloud[1]
7. Desiree Peterson
8. Elizabeth Andrews
9. Joe Steinke
10. Wilniesa Turner
11. Elani Wells

---

[1] Plaintiffs Dmtri Cash, Lisa Cash, David Mines, Robert Lisby, Jr., Stephanie Humphrey, and Kenya Cloud failed also to file with the court an updated mailing address.

12. Gail Turner
    13. Destiny Feather
    14. Jon Eifer
    15. Amanda Hunt
    16. Smilee Lawson
    17. Brandee Ritsema
    18. Kristen Clark-Hassel

The multiplicity of pro se plaintiffs failing to prosecute, together with indication on the docket that pro se plaintiff Melody Rodgers is filing records on behalf of other pro se parties, (see, e.g., DE 114-122), gives rise to a suggestion of her representation on behalf of other pro se parties and/or unauthorized practice of law. Notably, "[t]he right to litigate for oneself [] does not create a coordinate right to litigate for others." Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005).

> The reasoning behind this rule is two-fold: it protects the rights of those before the court, see [Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975)] ("the competence of a layman [litigating for] himself [is] clearly too limited to allow him to risk the rights of others"), and jealously guards the judiciary's authority to govern those who practice in its courtrooms, see Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 231 (3d Cir.1998) ("Requiring a minimum level of competence protects not only the [client] but also his or her adversaries and the court from poorly drafted, inarticulate, and vexatious claims.").

Id. The requirement of individual representation is reflected also in the court's governing local rules. See Local Civil Rule 5.2(b)(2) ("Except as otherwise permitted by law, no self-represented party may appear on behalf of another self-represented party."); see also 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel." (emphasis added)).

Furthermore, unauthorized practice of law is a punishable offence under North Carolina law. See N.C. Gen. Stat. §§ 84-4, 84-8. The unauthorized practice of law includes, but is not limited to, the following actions by a person who is not an active member of the Bar of the State of North Carolina admitted and licensed to practice as an attorney at law: holding oneself out as

2

"competent or qualified to give legal advice or counsel," "prepar[ing] legal documents," and "furnishing the services of a lawyer or lawyers." Id.

To ensure compliance with these rules, **each remaining plaintiff is DIRECTED to file individually by December 28, 2022, a response to this order confirming he or she is acting on his or her own behalf, with the particular intention of being involved personally in the instant action, and not on behalf of any other plaintiff.** Each response shall be signed by the individual plaintiff making the response.[2]

The court hereby provides notice that a plaintiff's failure to file a response to this order within the time provided will result in dismissal of the action on behalf of such plaintiff for failure to prosecute and for failure to comply with the court's orders and rules of the court.

SO ORDERED, this 7th day of December, 2022.

LOUISE W. FLANAGAN
United States District Judge

---

[2] Plaintiffs Heidi Davis and Latasha Woolridge also are directed to file with the court an updated mailing address. Both had forms provided to the court in initial filings by plaintiff Melody Rodgers, and mail to their addresses listed has returned unopened.