FILED
DEC 29 2022
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY ___ DEP CLK

22-CV-178 (LWF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

---

SAVE OUR CHILDREN TRUTH COMMISSION *et al.*,

            Plaintiffs,

- against -

UNITED STATES *et al.*,

            Defendants.

---

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

---

***HON. SYLVIA O. HINDS-RADIX***
*Corporation Counsel of the City of New York*
  *Attorney for Defendants*
  *100 Church Street*
  *New York, N.Y. 10007*

  *Of Counsel: Marilyn Richter*
  *Tel: (212) 356-2083*
  *Matter No. 2022-071141*

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | III |
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 2 |

ARGUMENT

    POINT I

        THE COURT LACKS PERSONAL JURISDICTION OVER KINGS COUNTY PURSUANT TO FED. R. CIV. P. 12(B)(2) .............. 3

        A. Plaintiffs Have the Burden of Establishing the Court's Personal Jurisdiction Over Kings County. .............. 3

        B. The Complaint Asserts No Statutory Basis for Personal Jurisdiction. .............. 4

        C. The Court Lacks Specific Jurisdiction Over Kings County. .............. 5

        D. The Court Lacks General Jurisdiction Over Kings County. .............. 6

        E. Exercising Personal Jurisdiction Over Kings County Violates Due Process. .............. 7

    POINT II

        ANY AND ALL CLAIMS AGAINST KINGS COUNTY AND THE KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, WHERE SERVICE BY MAIL WAS EXECUTED, MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(4) AND 12(B)(5) .............. 9

POINT III

    THE COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1) OVER CLAIMS ARISING OUT OF FAMILY COURT PROCEEDINGS WHICH ARE BARRED BY THE DOMESTIC RELATIONS EXCEPTION ................................................................................................ 11

CONCLUSION .......................................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**                                                                                           **Pages**

*ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*,
   293 F.3d 707 (4th Cir. 2002) ........................................................................................5

*Ankenbrandt v. Richards*,
   504 U.S. 689 (1992)........................................................................................................11

*Asahi Metal Indus. Co. v. Superior Court of Cal.*,
   480 U.S. 102 (1987)..........................................................................................................8

*Bristol-Myers Squibb Co. v. Superior Court*,
   137 S. Ct. 1773 (2017)..................................................................................................5, 6

*Brock El-Shabazz v. Henry*,
   12-CV-5044(BMC), 2012 U.S. Dist. LEXIS 154841
   (E.D.N.Y. Oct. 29, 2012).................................................................................................12

*Bryan v. New York*,
   2015 U.S. Dist. LEXIS 91070 (S.D.N.Y. July 13, 2015) .................................................9

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)......................................................................................................5, 8

*Calder v. Jones*,
   465 U.S. 783 (1984)..........................................................................................................4

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)..........................................................................................................7

*Exxon Mobil Corp. v. N.Y. City Dep't of Envtl. Prot.*,
   178 A.D.3d 696 (N.Y. App. Div. 2d Dep't 2019) ..........................................................10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564, U.S. 915 (2011)........................................................................................................7

*Graham v. Criminal Court of the City of N.Y.*,
   2015 U.S. Dist. LEXIS 18477 (E.D.N.Y. Feb. 2, 2015)................................................11

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984).....................................................................................................6, 7

*J. McIntyre Machinery, Ltd. v. Nicastro*,
   564 U.S. 873 (2011)..........................................................................................................6

*Keeton v. Hustler Magazine, Inc.*,
   465 U.S. 770 (1984)..........................................................................................................5

| **Cases** | **Pages** |
|---|---|

*Kneitel v. Palos*,
No. 15-CV-2577(NGG)(VVP), 2015 U.S. Dist. LEXIS 73783
(E.D.N.Y. June 4, 2015) .................................................................................................. 11-12

*Lesnick v. Hollingsworth & Vose Co.*,
35 F.3d 939 (4th Cir. 1994) .................................................................................................. 3

*McKnight v. Middleton*,
699 F. Supp. 2d 507 (E.D.N.Y. 2010) ................................................................................ 11

*Mylan Laboratories, Inc. v. Akzo, N.V.*,
2 F.3d 56 (4th Cir. 1993) ...................................................................................................... 4

*Powell v. New York*,
2015 U.S. Dist. LEXIS 160567 (E.D.N.Y., November 30, 2015) ........................................ 9

*United States v John*,
2020 US Dist LEXIS 36708 (E.D.N.Y. Mar. 2, 2020) ........................................................ 10

*Universal Leather, LLC v. Koro AR, S.A.*,
773 F.3d 553 (4th Cir. 2014) ................................................................................................ 4

*Walden v. Fiore*,
571 U.S. 277 (2014) .............................................................................................................. 5

*Woodward v. Office of Dist. Att'y*,
689 F. Supp. 2d 655 (S.D.N.Y. 2010) ................................................................................. 10

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980) .............................................................................................................. 8

**Statutes**

CPLR § 311(a)(2) ................................................................................................................ 10

Fed. R. Civ. P. 4(j)(2) ........................................................................................................... 9

Fed. R. Civ. P. 4(j)(2)(A) ...................................................................................................... 9

Fed. R. Civ. P. 4(j)(2)(B) ...................................................................................................... 9

Fed. R. Civ. P. 12(b)(1) .................................................................................................... 2, 11

Fed. R. Civ. P. 12(b)(2) ..................................................................................................... 2, 3

Fed. R. Civ. P. 12(b)(4) .................................................................................................. 2, 9, 11

**Statutes**                           **Pages**

Fed. R. Civ. P. 12(b)(5).................................................................................................2, 9, 10, 11

N.C. Gen. Stat. § 1-75.4......................................................................................................4

N.Y.C. Charter Ch. 17, § 396 ............................................................................................10

N.Y.C. Charter § 394(a).....................................................................................................10

N.Y. C.P.L.R. § 311(a)(2)...................................................................................................10

## PRELIMINARY STATEMENT

The Plaintiffs are over 50 pro se individuals including one New York-based plaintiff pro se, Malachi Chapman, a Brooklyn resident. The Complaint names over 50 defendants, who are by and large governmental entities, including one New York City defendant, "Kings County New York" which is the borough of Brooklyn. The Plaintiffs, collectively, appear to claim that some or all defendants have violated federal and state law and the common law in various ways in connection with a vast alleged nationwide conspiracy to separate children from their parents and/or legal guardians through adjudication of domestic disputes in local and/or state family court proceedings. Put plainly, the Complaint's factual allegations appear to arise out of domestic relations disputes, which are governed by the laws of the individual states and municipalities. The Complaint, which is a sprawling 524 pages long, including exhibits, suffers from a variety of pleading deficiencies.

Specifically, the Complaint names Kings County New York but service was made on the Kings County District Attorney's Office. Neither is a suable entity. Further, the Complaint contains no allegations that would establish general or specific personal jurisdiction or subject matter jurisdiction over Kings County, New York, or over the City of New York (which is a suable entity), nor does the Complaint contain any allegations that would establish a connection with the state of North Carolina or suit-related conduct sufficient to create that connection. The Court does not have general or specific jurisdiction over Kings County New York or over the City of New York under the North Carolina Long-Arm Statute, or pursuant to the due process requirements of the Fourteenth Amendment to the United States Constitution. Accordingly, the threshold requirement of personal jurisdiction has not been satisfied and the Court must dismiss the Plaintiffs' claims against Kings County.

Defendant Kings County New York ("Kings County") now makes a limited appearance because personal jurisdiction has not been obtained, and personal jurisdiction has not been waived. Defendant asserts that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1),(2),(4) and (5) based on lack of personal jurisdiction, insufficient process, insufficient service of process, and lack of subject matter jurisdiction under the domestic relations exception.

**STATEMENT OF FACTS**

The Complaint alleges that governmental entities at all levels throughout the United States violated federal and state law and conspired together to remove children from the homes of their caregivers. The New York Plaintiff pro se, Malachi Chapman, appears to allege that family court judges, an unidentified social services agency, private individuals, and private attorneys have all colluded together in various ways to separate him from his child. He fails to name any of these entities as defendants in this Complaint, naming only Kings County New York as a defendant and serving by mail the Kings County District Attorney's Office.

Neither Kings County nor the Kings County District Attorney's Office is a suable governmental entity, and the Complaint contains no factual allegations concerning either. The Complaint contains no express reference to Kings County, which is the New York City borough of Brooklyn, one of five boroughs that comprise the City of New York, or the King's County District Attorney's Office, a non-suable entity, where service by mail was executed. The Complaint does not allege personal jurisdiction over Kings County, and presents no facts connecting Kings County to the state of North Carolina.

As a political subdivision of New York State and the City of New York, Kings County, the borough of Brooklyn, is organized and exists under New York state and local law. Kings County is located in New York State and the City of New York. Notably, Kings County is not a North

2

Carolina business or a North Carolina resident. Moreover, Kings County does not have an office, business address, or other facility in North Carolina, does not own real property in the state of North Carolina, does not have a bank account in North Carolina, has not filed a corporate tax return in North Carolina within the last 10 years; does not have any employees who work for Kings County in North Carolina; is not registered with the North Carolina Secretary of State to conduct business in North Carolina; and does not provide educational services or academic instruction in the state of North Carolina.

## ARGUMENT

The Complaint fails to provide a statutory basis to obtain personal jurisdiction over Kings County and fails to show that the Court's exercise of personal jurisdiction over Kings County would comport with constitutional due process. More specifically, the Complaint does not allege that Kings County transacted business in North Carolina or purposefully availed itself of the protection afforded by North Carolina law, and states no facts connecting any conduct in North Carolina to the claims pleaded in the Complaint.

## POINT I

### THE COURT LACKS PERSONAL JURISDICTION OVER KINGS COUNTY PURSUANT TO FED. R. CIV. P. 12(B)(2)

A. *Plaintiffs Have the Burden of Establishing the Court's Personal Jurisdiction Over Kings County.*

To assert personal jurisdiction over an out-of-state defendant, a plaintiff must show that the defendant created certain minimum contacts with "the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state." *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 945-46 (4th Cir. 1994). The plaintiff must also show that establishing personal jurisdiction over the defendant based on their contacts

3

with the forum state must not offend notions of fair play and substantial justice. *Id.* at 946. The plaintiff must establish a prima facie case which shows personal jurisdiction over a defendant by showing that: (1) the North Carolina long-arm statute confers personal jurisdiction over an out-of-state defendant; and (2) the exercise of personal jurisdiction over the out-of-state defendant "comports with the requirements of the Due Process Clause of the Fourteenth Amendment." *Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993) "When a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553 at *557 (4th Cir. 2014). Furthermore, each defendant's contacts with the forum state must be independently evaluated. *Calder v. Jones*, 465 U.S. 783, 790 (1984)

### B. The Complaint Asserts No Statutory Basis for Personal Jurisdiction.

The Plaintiffs do not allege or plead any facts establishing a statutory basis for jurisdiction over Kings County. In fact, the jurisdictional allegations framed by the Complaint neither reference Kings County nor address personal jurisdiction. ECF No. 1 at 17-22. Even when viewed in the light most favorable to the Plaintiffs, the allegations in the Complaint fail to articulate facts or any legal basis that extends personal jurisdiction over Kings County under North Carolina's Long-Arm Statute, *N.C. Gen. Stat.* § 1-75.4, or any other law. The lawsuit contains no direct allegations against Kings County in the body of the Complaint itself. The Complaint does not allege that Kings County transacts business in North Carolina or voluntarily availed itself of the privileges and protections of North Carolina state law. Similarly, there are no factual allegations asserting that Kings County engaged in activities in North Carolina "[i]s engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise." *Universal Leather, LLC v. Koro Ar, S.A.*, 773 F.3d 553 at *559 (4th Cir. 2014). Nothing in the

4

Complaint invokes or satisfies a sufficient factual basis for statutory personal jurisdiction over Kings County.

### C. *The Court Lacks Specific Jurisdiction Over Kings County.*

The Plaintiffs cannot establish the Court's specific jurisdiction over Kings County because: (1) none of the factual allegations forming the basis for the Plaintiff's claims against Kings County are alleged to have occurred in North Carolina; (2) the Plaintiffs plead no claims that arise from Kings County's contact with North Carolina; and (3) Plaintiffs plead no factual allegations in the Complaint sufficient for the Court to exercise specific personal jurisdiction over Kings County in this lawsuit.

Specific personal jurisdiction requires analysis of: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally "reasonable."" *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 at *11 (4th Cir. 2002). To further satisfy due process requirements for specific personal jurisdiction where claims arise out of a defendant's alleged contacts with the forum state, such contacts must "proximately result from actions by the defendant himself that create a "substantial connection" with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) Specific jurisdiction exists only if the defendant's conduct as alleged in the lawsuit creates a "substantial connection" with the forum state. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)).

The Supreme Court further addressed specific jurisdiction within the context of a class-action in *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017) where a putative class action included both resident plaintiffs and non-resident plaintiffs suing out-of-state defendants. The Supreme Court held that the respondent court did not have personal jurisdiction

5

over non-resident plaintiffs' claims concerning out-of-state defendants' liability for factual allegations occurring outside the forum state. *Id.* The posture of the instant case is even weaker than *Bristol-Myers Squibb Co.* because the resident plaintiffs only assert claims against in-state defendants arising out of factual allegations occurring in-state, where the non-resident plaintiffs only assert claims against out-of-state defendants based on out-of-state factual allegations.

Supreme Court precedent makes clear that a defendant's purposeful actions in a forum state will subject a defendant to personal jurisdiction in the forum state. "Submission through contact with and activity directed at a sovereign may justify specific jurisdiction 'in a suit arising out of or related to the defendant's contacts with the forum.'" *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, n.8 (1984)).

Here, the Plaintiffs fail to establish any of the legal requirements for specific jurisdiction. Plaintiffs' claims against this Defendant do not arise from or relate to contacts between Kings County, the New York City borough of Brooklyn, the City of New York, or the state of New York and the state of North Carolina. Kings County has no presence in the state of North Carolina. The Complaint fails to plead any facts establishing that Kings County directed conduct in North Carolina or otherwise produced any effect in North Carolina from domestic relations and/or child protective activity related to any New York plaintiff, child, parent, or guardian residing in New York. The Plaintiffs cannot establish sufficient minimum contacts for the Court to exercise specific jurisdiction over Kings County in this lawsuit because there are no allegations that Kings County had anything to do with the state of North Carolina or its citizens.

### D. *The Court Lacks General Jurisdiction Over Kings County.*

The Court's exercise of general jurisdiction over Kings County also violates due process. A North Carolina court cannot maintain general personal jurisdiction over Kings County because

Kings County has no affiliations with North Carolina sufficient to create a legal or factual basis to render Kings County essentially at home in North Carolina. *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564, U.S. 915, 919 (2011)). The Supreme Court has articulated two tests for determining whether a defendant's contacts with a forum suffice to confer personal jurisdiction over the defendant. If the cause of action does not arise from or relate to the defendant's activities in the forum, a plaintiff must prove that the defendant's contacts are "continuous and systematic" and so support the exercise of general personal jurisdiction over the defendant. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415-16 (1984). The Complaint does not plead any theory of general jurisdiction against Kings County, which maintains no presence in North Carolina. Kings County, a New York political subdivision and governmental entity, is not domiciled in North Carolina, conducts no business in North Carolina, nor is it registered with the North Carolina Secretary of State to conduct business there. Kings County is not incorporated in North Carolina, nor does it have its principal place of business there. Kings County does not have employees in North Carolina, does not hold a bank account in North Carolina, has not filed a corporate tax return in North Carolina, and does not own real property in North Carolina. Under the controlling constitutional standards, the Court cannot permissibly exercise general jurisdiction over Kings County because Kings County lacks contacts with North Carolina that are sufficient to render Kings County "at home" in North Carolina.

### E. *Exercising Personal Jurisdiction Over Kings County Violates Due Process.*

The Court need not reach the question of whether exercising jurisdiction over Kings County satisfies due process because the Plaintiffs cannot establish statutory, general, or specific personal jurisdiction. The Complaint fails to allege any factual basis for the Court to conclude that there are sufficient "minimum contacts" between Kings County and North Carolina for the Court to assume jurisdiction in this case. Furthermore, the Plaintiffs fail to allege any factual basis to suggest

7

that it is reasonable for the Court to exercise North Carolina jurisdiction over a New York political subdivision.

If a plaintiff demonstrates the required minimum contacts between the defendant and the forum, the Court must assess whether exercising personal jurisdiction over the defendant is reasonable and whether such exercise comports with "traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) To determine reasonableness, the Court must assess the following factors:

> "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. It must also weigh in its determination "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies."

*Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) at *292).

No factor within the Court's reasonableness analysis supports personal jurisdiction here. Requiring Kings County's New York representatives to appear and defend this action in North Carolina would be unduly burdensome in terms of time, expense, and logistics. North Carolina, as the forum state, has no direct interest in adjudicating a dispute pertaining to domestic relations and/or child protective services in New York. This action will not promote an efficient resolution of claims arising from actions that occurred solely in New York. There are no common interests as among dozens of defendants whose individual liabilities, or lack thereof, implicated by the Complaint's allegations, stems from investigatory, administrative and legal proceedings taking place in the state where the subject child(ren) and caretaker(s) reside. Because there are no factors supporting a determination that an exercise of personal jurisdiction would be reasonable, such exercise would offend any traditional sense of fair play and would defeat substantial justice for Kings County.

8

## POINT II

**ANY AND ALL CLAIMS AGAINST KINGS COUNTY AND THE KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, WHERE SERVICE BY MAIL WAS EXECUTED, MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(4) AND 12(B)(5)**

Federal Rule of Civil Procedure 4(j)(2) governs service on local governments and municipal corporations that are subject to suit. Rule 4(j)(2) provides that service may be made by either (A) delivering a copy of the summons and complaint to the chief executive officer or (B) by serving a copy of the summons and complaint as authorized under state law. FRCP 4(j)(2)(A) and (B).

The docket shows that on October 12, 2022, a Summons Issued (ECF No. 62) was filed on behalf of Save our Children Truth Commission C/O Malachi Chapman. According to the Complaint (ECF. No. 1 at *2-5), Malachi Chapman is the only Plaintiff residing in New York. An Affidavit of Service by Mail (ECF No. 167) was filed with the Court on December 7, 2022, stating that service was made by mail to Kings County at 350 Jay Street, 16th Floor in Brooklyn, New York. This is the address of the Kings County District Attorney's Office is located at 350 Jay Street, 16th Floor in Brooklyn, New York and received service of the instant Summons and Complaint.

The Kings County District Attorney's Office, an office of the District Attorney himself, is "a non-suable entity lacking any legal existence distinct from the District Attorney." *Powell v. New York*, 2015 U.S. Dist. LEXIS 160567, *5-6 (E.D.N.Y., November 30, 2015) (internal citations omitted) *Bryan v. New York*, 2015 U.S. Dist. LEXIS 91070, *3 (S.D.N.Y. July 13, 2015) ("New York district attorneys' offices are considered non-suable entities because the office of the district attorney is not a legal entity distinct from the district attorney himself." (citation and internal

9

quotation marks omitted)); *Woodward v. Office of Dist. Att'y*, 689 F. Supp. 2d 655, 658 (S.D.N.Y. 2010) ("Under New York law, the [District Attorney's Office] does not have a legal existence separate from the District Attorney. Correspondingly, the District Attorney's Office is not a suable entity." (internal citation omitted) (alteration in original)). Even so, none of Plaintiff Chapman's factual allegations even name Kings County or the Kings County District Attorney's Office as a party. (ECF No. 1 at 80-82) Accordingly, any claims, if there are any to be inferred by the factual allegations in the Complaint, against the Kings County District Attorney's Office should be dismissed with prejudice.

The City of New York comprises five boroughs – Manhattan, Brooklyn, Bronx, Queens, and Staten Island and each borough is a county of New York State. *New York City Counties*, December 21, 2022, https://portal.311.nyc.gov/article/?kanumber=KA-02877. The New York City borough of Brooklyn is Kings County. *Id.* The New York City Charter Ch. 17, § 396 states that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." Section 311(a)(2) of the New York State Civil Practice Law and Rules permits personal service upon the City of New York to be made "to the corporation counsel or to any person designated to receive process in a writing filed in the office of the clerk of New York county." N.Y. C.P.L.R. § 311(a)(2). In the City of New York, "the corporation counsel shall be attorney and counsel for the city and every agency thereof and shall have charge and conduct of all the law business of the city and its agencies and in which the city is interested." New York City Charter § 394(a); *United States v John*, 2020 US Dist LEXIS 36708, at *33-34 (E.D.N.Y. Mar. 2, 2020) see *Exxon Mobil Corp. v. N.Y. City Dep't of Envtl. Prot.*, 178 A.D.3d 696, 698 (N.Y. App. Div. 2d Dep't 2019). Under Fed. R. Civ. P. 12(b)(5), a complaint must be dismissed if service of

process was not in compliance with the federal rules of civil procedure and/or if service of process was untimely. As discussed above, proper service of process to the City of New York has not been made. Failing to properly name a defendant in a summons and failing to affect sufficient service of process on a defendant warrant dismissal under Federal Rules of Civil Procedure 12(b)(4) and (b)(5).

## POINT III

### THE COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1) OVER CLAIMS ARISING OUT OF FAMILY COURT PROCEEDINGS WHICH ARE BARRED BY THE DOMESTIC RELATIONS EXCEPTION

The domestic relations exception deprives federal courts of the power "to issue divorce, alimony, or child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). "At the heart of the domestic relations exception lies federal-court recognition that the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *McKnight v. Middleton*, 699 F. Supp. 2d 507, 516 (E.D.N.Y. 2010) (internal quotations and citations omitted). Here, the Complaint primarily appears to assert claims that arise out of a Family Court proceeding where an Order of Protection was issued against the Plaintiff; the relief sought concerns those proceedings and the orders issued therein. (ECF No. 1 at 80-82) Such claims and relief are barred. *Graham v. Criminal Court of the City of N.Y.*, 2015 U.S. Dist. LEXIS 18477, at *3 (E.D.N.Y. Feb. 2, 2015) (dismissing action under domestic relations exception where plaintiff sought to have the court "intervene and vacate various orders that were issued in her state child custody proceedings"). However these allegations are characterized, Plaintiff's claims must be dismissed as they fundamentally challenge court orders regarding an Order of Protection issued against him in Family Court. See *Kneitel v. Palos*, No. 15-CV-

11

2577(NGG)(VVP), 2015 U.S. Dist. LEXIS 73783, at *10 (E.D.N.Y. June 4, 2015) (dismissing Plaintiff's claims invoking his constitutional rights because the claims were "directly related" to custody proceedings which concern state law domestic relations matters).

Further, Plaintiff impermissibly attempts to rewrite his dispute as alleged constitutional violations. However, the Complaint's alleged violations of federal and state civil rights stem from an underlying Family Court proceeding, plainly a domestic dispute. If the dispute begins and ends in a domestic dispute, federal courts lack subject matter jurisdiction. *Brock El-Shabazz v. Henry*, 12-CV-5044(BMC), 2012 U.S. Dist. LEXIS 154841, *8 (E.D.N.Y. Oct. 29, 2012) (inclusion of allegations styled as claims for damages based on alleged constitutional violations "does not place this action outside of the domestic relations exception" to subject matter jurisdiction). Here, to the extent that Plaintiff invokes various constitutional provisions or federal statutes, the substance of his claims, which concern an Order of Protection issued against him, are the subject of Family Court orders.

## CONCLUSION

For the reasons stated, the Court cannot properly exercise personal jurisdiction over Kings County in this presumptive class action lawsuit, and Kings County respectfully requests that the Court dismiss the Plaintiffs' claims against Kings County with prejudice and grant Kings County such other and further relief as the Court deems just and proper.

Dated:      December 28, 2022
               New York, New York

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
Attorney for Defendant Kings County New York
100 Church Street
New York, NY 10007
t: (212) 356-2083
f: (212) 356-1148
e: mrichter@law.nyc.gov

By: *[signature]*
Marilyn Richter*
*Assistant Corporation Counsel*

*Bryn Ritchie, who is awaiting admission, assisted in the preparation of this Motion to Dismiss.

13