IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:22-CV-178-FL

| | | |
|---|---|---|
| SAVE OUR CHILDREN TRUTH COMMISSION, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| UNITED STATES GOVERNMENT, ET AL., | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court upon its own initiative to address responses to the court's December 7, 2022, order, and upon consideration of pro se motions to intervene, motion to add defendant, motion for leave to file new evidence, and motion for default judgment. (DE 199, 227-233, 242, 250-253).[1]

## BACKGROUND

This action commenced on October 11, 2022, upon filing of a complaint by pro se plaintiffs asserting claims under 42 U.S.C. § 1983, and other federal and state common law claims, for violation of civil rights arising out of child custody proceedings held in various states and localities. Plaintiffs are asserted to be an organization and a number of individuals proceeding pro se as parents of children involved in those child custody proceedings. Defendants are asserted to be the United States and federal government officials, as well as numerous state and local officials,

---

[1] Also pending are motions to dismiss by defendants Greg Abott, Ken Paxton, and Kings County New York (DE 216, 237), which will be addressed by separate order.

municipalities, and organizations.  Plaintiffs seek damages "exceeding $1,000,000,000," as well as declaratory and injunctive relief ordering "[d]efendants to restore and enforce plaintiffs' rights to have custody of their children and to stop oppressing families and detaining their children under the guise of child welfare." (Compl. (DE 1) at 154).[2]

On December 7, 2022, the court dismissed the following plaintiffs for failure to prosecute on the basis that they did not timely correct deficiencies on notices of self-representation or financial disclosure statements:

1. Dmtri Cash
2. Lisa Cash
3. David Mines
4. Robert Lisby, Jr.
5. Stephanie Humphrey
6. Kenya Cloud[3]
7. Desiree Peterson
8. Elizabeth Andrews
9. Joe Steinke
10. Wilniesa Turner
11. Elani Wells
12. Gail Turner
13. Destiny Feather
14. Jon Eifer
15. Amanda Hunt
16. Smilee Lawson
17. Brandee Ritsema
18. Kristen Clark-Hassel

(December 7, 2022, Order (DE 164) at 3).  In addition, based on the "multiplicity of pro se plaintiffs failing to prosecute, together with indication on the docket that pro se plaintiff Melody Rodgers is filing records on behalf of other pro se parties," the court directed each plaintiff "to file

---

[2] In an earlier case in this district, pro se plaintiff Melody J. Rodgers filed a petition under 28 U.S.C. § 1441 for return of her children "detained by the State of California by way of the agency Los Angeles Department of Children and Family Services." (No. 7:21-CV-223-M (DE 15)).  The court transferred the case to the United States District Court for the Central District of California on April 7, 2022.

[3] Plaintiffs Dmtri Cash, Lisa Cash, David Mines, Robert Lisby, Jr., Stephanie Humphrey, and Kenya Cloud failed also to file with the court an updated mailing address.

2

individually by December 28, 2022, a response to [the court's] order confirming he or she is acting on his or her own behalf, with the particular intention of being involved personally in the instant action, and not on behalf of any other plaintiff." (December 7, 2022, Order (DE 164) at 3). The court provided notice that "a plaintiff's failure to file a response to this order within the time provided will result in dismissal of the action on behalf of such plaintiff for failure to prosecute and for failure to comply with the court's orders and rules of the court." (Id.).

**COURT'S DISCUSSION**

A.   Responses to Court's Order

On or before December 28, 2022, the following six pro se plaintiffs filed a response to the court's order, including the confirmation required therein:

1. Keona Bradley  (DE 208, 227);[4]
2. Raymond Sipult (DE 209, 226);
3. Glenda Cody (DE 225);
4. Russ Cody (DE 225);
5. Cecelia Evertez (DE 233);[5]
6. Laurie Reynolds (DE 235).

These six pro se plaintiffs thus are the only plaintiffs remaining in this case. The court expresses herein no opinion on the viability of their claims or on whether they have met personal jurisdictional requirements to proceed with such claims.

All other remaining plaintiffs named in the complaint, listed as follows, did not respond to the court's order as directed, and are thus DISMISSED for failure to prosecute and failure to comply with the court's order:

---

[4]   Where plaintiff Keona Bradley filed her response to the court's order on December 19, 2022, her later filing captioned as a motion to intervene (DE 227) is denied.

[5]   While plaintiff Cecelia Evertez filed a response to the court's order that includes a document captioned as a motion to intervene (DE 233), said motion is denied, where plaintiff Cecelia Evertez already is a named plaintiff in the complaint.

1. Save Our Children Truth Commission[6]
2. Melody Rodgers
3. Malachi Chapman
4. Tijana Vidanovic
5. Teresa Goin
6. Mohogany Hunter
7. Natasha Loach
8. Renesha Tomlin
9. Shanequa B. Austin
10. Keshia Holliman
11. Keshia Horton
12. William O'Dell
13. Emily O'Dell
14. Kristina Singleton Baldwin
15. Sally Borghese
16. Alan Meddows
17. Christina Anderson
18. Deanna Robinson
19. Latasha Woolridge[7]
20. Jessica Kirby[8]
21. Connie Ford
22. Wilniesa Turner
23. Elani Wells
24. Queena Hackney
25. Joy Tyler
26. Barbara Mast
27. Gerri F Hood
28. Steven Bradley
29. Moose Bradley
30. Ronisha Peters
31. Tina Brandon

---

[6] Pro se plaintiff Save Our Children Truth Commission also is dismissed on the basis that an organization cannot appear pro se in federal court. See, e.g., Kay v. Ehrler, 499 U.S. 432, 436 n.7 (1991) ("[A]n organization is not comparable to a pro se litigant because the organization is always represented by counsel, whether in-house or pro bono, and thus, there is always an attorney-client relationship.").

[7] Pro se plaintiff Latasha Woolridge (DE 241) filed a response December 30, 2022; however, this response does not provide the requisite confirmation that "she is acting on his or her own behalf, with the particular intention of being involved personally in the instant action, and not on behalf of any other plaintiff." (December 7, 2022, Order (DE 164) at 3).

[8] Pro se plaintiff Jessica Kirby filed a motion for entry of default judgment, on January 3, 2023. (DE 250). However, where she did not file the requisite response to the court's December 7, 2022, order, her claims must be dismissed for failure to comply with the court's order, and her motion accordingly is denied.

32. Heidi Davis
33. Kathrine Thomas
34. Stephanie Humphrey
35. Brenda Blue[9]
36. Daniel Blue[8]
37. Loribeth Aaron

In addition, former plaintiff Kristen Clark-Hassell filed notice of self-representation on December 21, 2022 (DE 219), and former plaintiff Brandee Ritsema filed a motion for leave to file exhibit on December 30, 2022 (DE 242). However, these former plaintiffs were dismissed by the court's December 7, 2022, order, and the instant filings do not provide cause to reconsider that dismissal. In addition, the instant filings do not include the requisite confirmation required by the court's December 7, 2022, order. Therefore, these former plaintiffs remain dismissed, and the motion for leave to file exhibit (DE 242) accordingly is denied.

B.   Motions to Intervene

Also before the court are motions to intervene under Federal Rule of Civil Procedure 24(a) and (b), filed by the following individuals pro se: Dana Davis (DE 199); Lora Byers (DE 228); Kimberly Vifinkle (DE 229); Ocerine Cooper (DE 230); Malibu Smith (DE 231); Karla Johnson (DE 251); Sara Ybarra-Johnson (DE 251); Amanda Hunt (DE 253).

Rule 24(a) requires the court, on timely motion, to permit anyone to intervene who "claims an interest relating to the property or transaction that is subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "Applicants to intervene as of right must meet all four of the following requirements: (1) the

---

[9]  Pro se plaintiffs Brenda Blue and Daniel Blue filed a motion to add additional defendant, on December 28, 2022. (DE 232). However, where these plaintiffs did not file the requisite response to the court's December 7, 2022, order, their claims must be dismissed for failure to comply with the court's order, and their motion accordingly is denied.

5

application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation." Houston Gen. Ins. Co. v. Moore, 193 F.3d 838, 839 (4th Cir. 1999).

In addition, Rule 24(b) allows "permissive intervention," in the court's discretion, for anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion" under this rule, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

In this case, none of the movants seeking intervention meet the requirements for intervention of right, under Rule 24(a), or permissive intervention, under Rule 24(b). First, they have not demonstrated that "the denial of the motion to intervene would impair or impede the applicant's ability to protect [their] interest" that they assert in the subject matter of this action. Houston Gen. Ins. Co., 193 F.3d at 839. For example, they all assert in a form filing that they "seek legal redress for the deprivation . . . of the rights of families and children," and they state in conclusory terms that "disposing of the action without the intervenor may as a practical matter impair or impede" their ability to protect their interest. (DE 199 at 2; DE 228 at 1; DE 229 at 1; DE 230 at 1; DE 231 at 2; DE 251 at 2; DE 252 at 2; DE 253 at 1).

In this manner, movants seeking intervention have not demonstrated how denial of the motions to intervene will impair their ability to protect their interest. Indeed, because of the nature of the lawsuit and the format in which pro se plaintiffs have attempted to assert claims in this court, joining in this lawsuit as pro se litigants may hinder their ability to obtain redress for their asserted

6

injuries. In particular, significant personal jurisdiction and pleading hurdles await litigants attempting to assert claims arising out of geographically disperse child custody proceedings through a single lawsuit in this court. These hurdles are augmented by the prohibition on an organization appearing pro se in federal court, and the prohibition on a pro se litigant acting on behalf of another or on behalf of a purported class action. See, e.g., Kay, 499 U.S. at 436 n.7 (organization); Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 244 (4th Cir. 2020) (on behalf of others); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (class action). At bottom, intervention in this suit would impair and impede movants' ability to protect their interests. By contrast, nothing in the instant lawsuit precludes the ability of movants to commence lawsuits properly in their respective jurisdictions challenging the constitutionality of child custody proceedings involving them. See, e.g., Jordan by Jordan v. Jackson, 15 F.3d 333, 340 (4th Cir. 1994) (allowing § 1983 claim to proceed in Virginia federal court against Virginia defendants arising out of an allegedly "unconstitutional removal of [child] from the custody of his parents" in Virginia).

In sum, movants have not met the requirements for intervention of right, under Rule 24(a). For the same reasons, the court in its discretion finds no basis for permissive intervention. Furthermore, with respect to permissive intervention, intervention in the manner now asserted will unduly delay and prejudice the adjudication of the original parties' rights. Multiplying existing claims in this case by additional claims of proposed intervenors arising out of jurisdictions throughout the country will not promote just, speedy, and inexpensive determination of this action. See Fed. R. Civ. P. 1. Therefore, movants have not met the requirements for intervention.

Furthermore, because of the form nature of the motions to intervene in this case, as well as the proliferation of repetitive filings, with substantial issues concerning pro se individuals and

7

organization attempting to act on behalf of others and a purported class action, the court cautions that any future filings in the nature of the instant motions to intervene are subject to summary denial on the basis of this order.

## CONCLUSION

Based on the foregoing, in accordance with the court's December 7, 2022, order, only the following individuals remain as plaintiffs in this case: 1) Keona Bradley, 2) Raymond Sipult, 3) Glenda Cody, 4) Russ Cody, 5) Cecelia Evertez, and 6) Laurie Reynolds. All other plaintiffs named in the complaint are DISMISSED for failure to prosecute and failure to follow the court's orders. In addition, the court DENIES the pending pro se motions to intervene, motion to add defendant, motion for leave to file new evidence, and motion for default judgment. (DE 199, 227-233, 242, 250-253).

SO ORDERED, this 6th day of January, 2023.

LOUISE W. FLANAGAN
United States District Judge