IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:22-CV-178-FL

| | | |
|---|---|---|
| LAURIE REYNOLDS, et al., | ) | |
| | ) | |
| Plaintiffs,[1] | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES GOVERNMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on pro se motions to set aside judgment or for reconsideration, under Rule 60(b)(1) (DE 279, 280, 297, 301, 303, 305, 306, 310, 311, 313, 315, 322, 338, 351, 355); motions to intervene and for reconsideration of denial of intervention (DE 275, 281, 345); motions for default judgment (DE 276, 278, 307, 329, 341, 342, 343, 344); and motions for leave to proceed in forma pauperis and for other relief (DE 299, 302, 304, 312, 324, 346, 356).[2]

A.  Rule 60(b)(1) Motions

"To obtain relief from a judgment under Rule 60(b), a moving party must first show (1) that the motion is timely, (2) that he [or she] has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." United States v. Welsh, 879 F.3d 530, 533 (4th Cir. 2018); See Square Const. Co. v. Washington Metro. Area Transit

---

[1] The caption of this order constructively been amended to reflect dismissal of prior plaintiffs.

[2] Also pending are motions to dismiss by a number of defendants (DE 216, 237, 261, 265, 268, 270, 272, 292, 294, 317, 335, 368), which will be addressed by separate order. For background and procedural history of this case, reference is made to the court's January 6, 2023 order (DE 258).

Auth., 657 F.2d 68, 71 (4th Cir. 1981) ("As a threshold matter, the movant must demonstrate the existence of a meritorious claim or defense."). "The party must also satisfy one of six enumerated grounds for relief under Rule 60(b)." Welsh, 879 F.3d at 533.

Movants, who are former pro se plaintiffs who were dismissed by the court's January 6, 2023, order for failure to prosecute, seek to set aside judgment on the basis of excusable neglect. However, movants have not demonstrated "[a]s a threshold matter, . . . the existence of a meritorious claim," due to multiple overlapping deficiencies in their claims. Square Const. Co., 657 F.2d at 71. As an initial matter, former pro se litigant Melody Rodgers asserts that she appears on behalf of a number of movants, as a "case manager," "legal representative," or "next friend," or by "power of attorney." (E.g., DE 279 at 7; DE 303, 305, 306, 315, 310, 311, 313, 322, 338, 335). This is a continuing disregard of the court's orders, including the January 6, 2023, order noting a "prohibition on a pro se litigant acting on behalf of another." (DE 258 at 7). Assertion that a pro se litigant is "incapacitated," "indigent," or "disabled" or acting under a "power of attorney" does not provide an exception to this rule. (E.g., DE 279 at 7).

Indeed, "[a] nonlawyer can't handle a case on behalf of anyone except [her]self." Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 245 (4th Cir. 2020) (emphasis added) (quotation omitted). "It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys." Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990). "[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." Simon v. Hartford Life, Inc., 546 F.3d 661, 664–65 (9th Cir. 2008). While a "power of attorney may have conferred certain decision-making rights under state law, . . . it does not allow [another individual] to litigate pro se on [her] behalf . . . in federal court." In re Radogna, 331 F. App'x 962, 964 (3d Cir.2009) (citing

2

Powerserver Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir.2001)); see also Gilchrist v. Bakshi, No. CV RWT-09-415, 2009 WL 10685589, at *1 (D. Md. Mar. 5, 2009) ("Federal courts uniformly do not allow parents, guardians or next friends to appear pro se on behalf of a minor or incompetent person."). Thus, motions by former pro se litigant Melody Rodgers and those who she purports to represent must be denied on the basis that movants have not remedied, or will not be able to remedy properly, the deficiencies that required dismissal of their claims.³

In addition, all movants have not demonstrated a meritorious claim in other respects. In particular, all movants who either reside in other states, or who seek redress for violation of their rights by officers and officials of other states, have not demonstrated that this court has personal jurisdiction over their claims. See Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 277 (4th Cir. 2009) (stating that to establish personal jurisdiction, a plaintiff must show that the "defendant purposefully directed his activities at the residents of the forum and that the plaintiff's cause of action arises out of those activities"). For the same reason, each movant has not alleged injury fairly traceable to each defendant's conduct, nor have they alleged facts supporting plausible claims based in conspiracy. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("Only a complaint that states a plausible claim for relief survives a motion to dismiss."); Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 473 (1982) ("Were the federal courts merely publicly funded forums for the ventilation of public grievances or the refinement of jurisprudential understanding, the concept of 'standing' would be quite unnecessary); Disability Rts. S.C. v. McMaster, 24 F.4th 893, 900 (4th Cir. 2022) ("[S]tanding . . . must be evaluated separately as to each defendant."). In sum, movants have not demonstrated

---

³ In addition, former plaintiff Melody Rodgers's motion to stay pending appeal (DE 356) is denied where her claims already have been dismissed and there are no proceedings regarding her claims pending.

the requisite nexus to this district, or that their asserted injuries are likely to be redressed by a favorable decision of this court.

Therefore, the instant motions to set aside judgment or for reconsideration, under Rule 60(b)(1) are denied.

B.  Motions to Intervene

The instant motions to intervene fail for the same reasons as those denied in the court's January 6, 2023, order. The court reiterates that nothing in the instant order precludes the ability of movants to commence lawsuits properly in their respective jurisdictions challenging the constitutionality of child custody proceedings involving them. See, e.g., Jordan by Jordan v. Jackson, 15 F.3d 333, 340 (4th Cir. 1994) (allowing § 1983 claim to proceed in Virginia federal court against Virginia defendants arising out of an allegedly "unconstitutional removal of [child] from the custody of his parents" in Virginia). Thus, the instant motions to intervene are denied.

C.  Motions for Default Judgment

The instant motions for default judgment are without merit for two reasons. First, absent entry of default by the clerk, default judgment is not warranted. See Fed. R. Civ. P. 55. Second, where proof of sufficient service has not been made, entry of default is premature. See id. "The Due Process Clause demands no less in this case." Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 87 (1988). Thus, the instant motions for default judgment are denied.

D.  Motions for Leave to Proceed In Forma Pauperis and Other Relief

Those motions for leave to proceed in forma pauperis filed by former plaintiffs (DE 302, 304, 312) must be denied without prejudice, where former plaintiffs' claims have been dismissed for the reasons set forth in the court's January 6, 2023, order and the instant order. In the event

these former plaintiffs wish to proceed in forma pauperis, they may commence an appropriate action by filing a motion for leave to proceed in forma pauperis in their respective jurisdictions.

With respect to the motion for leave to proceed in forma pauperis by plaintiff Laurie Reynolds, (DE 299), the motion is denied without prejudice where this plaintiff already is proceeding on her own behalf as set forth in the court's January 6, 2023, order. (See DE 258 at 3). Finally, plaintiff Laurie Reynold's motions for discovery and to enjoin additional defendants are denied (DE 324, 346) where the pleadings have not yet been framed. See Fed. R. Civ. P. 26(d)(1).

## CONCLUSION

Based on the foregoing, the court DENIES the instant motions (DE 275, 276, 278-281, 297, 299, 301-307, 310-313, 315, 322, 324, 329, 338, 341, 342, 343-346, 351, 355, 356).

SO ORDERED, this 27th day of February, 2023.

LOUISE W. FLANAGAN
United States District Judge