IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:22-CV-178-FL

| | | |
|---|---|---|
| LAURIE REYNOLDS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES GOVERNMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on thirteen motions to dismiss by certain defendants (DE 216, 237, 261, 265, 268, 270, 272, 292, 294, 317, 335, 368, 381), motions to set aside judgment by several former plaintiffs (DE 388, 389, 496), motions for default judgment and for exemption of PACER user fee by plaintiff Laurie Reynolds (DE 442, 642) and motions for recusal by plaintiffs Keona Bradley, Glenda Cody, Russ E. Cody, and Raymond Sipult (DE 587, 588, 589). United States Magistrate Judge Robert T. Numbers, II, entered memoranda and recommendations ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), (DE wherein it is recommended that the motions to dismiss be granted and the motions for default and to set aside judgment denied. Former intervenor plaintiffs Latisa Micheaux and Season Micheaux filed an objection to the first M&R, and plaintiffs Laurie Reynolds, Keona Bradley, Glenda Cody, Russ E. Cody, and Raymond Sipult filed objections to the second M&R. In this posture, the issues raised are ripe for ruling.

# STATEMENT OF THE CASE AND ALLEGED FACTS

For ease of reference, the court incorporates herein the procedural history and summary of alleged facts set forth in the second M&R, as follows:

> The complaint's recitation of facts is difficult to decipher. More than 50 Plaintiffs originally sued a slew of Defendants under 42 U.S.C. § 1983 and other laws for alleged violations of their civil rights. See Compl. at 1. For the most part, Defendants are federal, state, and local governments and their officials. In their complaint, which totals over 500 pages (including attachments), Plaintiffs contend that child custody proceedings nationwide have "been fundamentally corrupted by malicious actors[.]" Id. at 12. This corruption spans from tip to tail of the legal system—according to Plaintiffs, the "bad actors . . . include judges, lawyers, police officers, social workers, health care professionals, and sometimes average citizens[.]" Id. at 13.
>
> The scheme allegedly proceeds as follows: Social workers file intentionally misleading reports "that are filled with factual errors" suggesting that a child is abused or neglected. Id. Then, the local prosecutor—without trying to verify the truth of the social workers' reports—initiates a child custody action against the parents. Id. In litigating these custody disputes, the prosecutors "act[] with an illegal amount of adversariness." Id. And the attorneys representing the children and the parents aren't much help—the children's lawyers conceal facts they're legally obligated to disclose, and the parents' attorneys just want to "separate[e] as many families as possible[.]" Id. at 15.
>
> Juvenile court judges, who are biased against the parents, hear cases over which they lack jurisdiction and deny basic due process rights to the parents. Id. at 14. Rather than viewing the government's evidence critically, the judges merely "give a rubber stamp to whatever the county agency asks for[.]" Id. But the county agencies are less than truthful—they "exaggerate facts and fabricate evidence" to place children in government custody and subject their parents "to excessive force, medical battery, harassment, extortion, psychological trauma, and slander[.]" Id.
>
> Plaintiffs believe that this corruption traces back to government leaders at the county, state, and federal level. See, e.g., id. at 15, 24. These government officials allegedly failed to train their employees and refused to prosecute criminals, leading to children being placed into needlessly restrictive environments and parents losing their custody rights without due process. See, e.g., id. at 24–27. This vicarious liability theory lies at the heart of Plaintiffs' claims, as many Defendants are federal- and state-level government officials who have no direct hand in child custody proceedings.
>
> After laying out the general theories at the heart of their lawsuit, Plaintiffs proceed to tell their individual stories. These affidavit-style allegations make up the bulk of the complaint, and it is hard to see how they fit together. Compare, e.g., id.

at 113–15 (making allegations against private and public actors in a Kansas child custody proceeding), with id. at 82–88 (requesting injunctive relief against a city in Florida).

All told, Plaintiffs bring ten causes of action arising out of a conspiracy to deny them their civil rights. They seek over $1 billion in damages, reunification with their children, a writ of mandamus, and an injunction that prevents local courts from "oppressing families and detaining their children under the guise of child welfare." Id. at 154.

The court has dismissed all but six plaintiffs from this lawsuit already. See Order Dismissing Pls. at 2–3. Only Keona Bradley, Raymond Sipult, Glenda Cody, Russ Cody, Cecelia Evertez, and Laurie Reynolds remain. Id. at 8. Their claims arise out of child custody proceedings in Kansas (Bradley, Sipult, and the Codys), Connecticut (Evertez), and Florida (Reynolds).

These thirteen motions to dismiss are before the court:

1. Texas Governor Greg Abbott and Texas Attorney General Ken Paxton allege that the court lacks subject-matter and personal jurisdiction and that Plaintiffs fail to state a claim. Abbott & Paxton Mot. Dismiss, D.E. 216.

2. Kings County, New York, contends that the court lacks subject-matter and personal jurisdiction and that both process and service of process were insufficient. Kings Cnty. Mot. Dismiss, D.E. 237.

3. New York Governor Kathy Hochul maintains that the court lacks subject-matter and personal jurisdiction, that service of process was insufficient, and that Plaintiffs fail to state a claim. Hochul Mot. Dismiss, D.E. 261.

4. Tennessee Governor Bill Lee argues that the court lacks subject-matter and personal jurisdiction and that Plaintiffs fail to state a claim. Lee Mot. Dismiss, D.E. 265.

5. Los Angeles County, California contends that the court lacks personal jurisdiction and that Plaintiffs fail to state a claim. L.A. Cnty. Mot. Dismiss, D.E. 268.

6. St. Francis Ministries and William Clark (its CEO) allege that the court lacks subject-matter and personal jurisdiction, that venue in the Eastern District of North Carolina is improper, and that Plaintiffs fail to state a claim. Clark & SFM Mot. Dismiss, D.E. 270.

7. Kids Central, Inc., maintains that the court lacks personal jurisdiction and that Plaintiffs fail to state a claim. Kids Central Mot. Dismiss, D.E. 272.

8. Florida Governor Ron DeSantis contends that the court lacks personal jurisdiction, that service of process was insufficient, and that Plaintiffs fail to state a claim. DeSantis Mot. Dismiss, D.E. 292.

9. Kent County, Michigan, alleges that the court lacks personal jurisdiction, that venue in the Eastern District of North Carolina is improper, that service of process was improper, and that Plaintiffs fail to state a claim. Kent Cnty. Mot. Dismiss, D.E. 294.

10. Miami-Dade County, Florida, argues that the court lacks personal jurisdiction, that service of process was improper, and that Plaintiffs fail to state a claim. Miami-Dade Cnty. Mot. Dismiss, D.E. 317.

11. Monterey County, California, contends that the court lacks personal jurisdiction and that Plaintiffs fail to state a claim. Monterey Cnty. Mot. Dismiss, D.E. 335.

12. Kansas Governor Laura Kelly maintains that the court lacks subject-matter and personal jurisdiction, that service of process was improper, and that Plaintiffs fail to state a claim. Kelly Mot. Dismiss, D.E. 368.

13. Federal Defendants allege that the court lacks subject-matter jurisdiction, that both process and service of process were insufficient, and that Plaintiffs fail to state a claim. Fed. Defs. Mot. Dismiss, D.E. 381.

(M&R (DE 635) at 2-6) (footnotes omitted). In conjunction with the M&Rs entered, the magistrate judge also entered orders deciding numerous non-dispositive motions. The M&Rs do not address the motions for recusal and motion for exemption of PACER user fees, which will be addressed further herein.

## STANDARD OF REVIEW

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d

4

198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**COURT'S DISCUSSION**

A.  Motions for Recusal

In their motions for recusal, plaintiffs Keona Bradley, Glenda Cody, Russ E. Cody, and Raymond Sipult, argue that the undersigned should recuse from presiding over this case because: 1) the court entered a text order on March 2, 2023, staying scheduling conference activities pending decision on motions to dismiss; 2) the court generally has not afforded plaintiffs the opportunity to present evidence; and 3) the case includes defendants that the undersigned "may have been in collaboration with in the past, either on a professional or personal level" when in private practice. (DE 588 at 3; see DE 587, 589).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). "They must do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." Id. Further, a "presiding judge is not required to recuse herself simply because of unsupported, irrational or highly tenuous speculation." United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008).

Here, in that part where the instant motions are based on the court's procedural rulings, they are not a valid basis for recusal. The rulings in question, which are procedural in nature, reveal neither an opinion that derives from an extrajudicial source nor favoritism or antagonism, where they are consistent with procedures adopted by the court in a wide range of civil matters. In that part where the instant motions are based on assertions of possible past collaboration with

5

unspecified defendants, they are inherently unsupported and speculative. Therefore, the instant motions for recusal are denied.

B. Motions to Set Aside Judgment

In the first M&R, the magistrate judge recommends denying motions to set aside judgment filed by four former plaintiffs, in reference to the court's January 6, 2023, order. Where no objections to this recommendation have been filed,[1] the court reviews the recommendation in this part for clear error. Finding none, the court adopts the first M&R in this part, and the court denies the instant motions to set aside judgment.

In addition, and in the alternative, insofar as the instant motions more properly are construed as motions for reconsideration of an interlocutory order,[2] the court determines that reconsideration is not warranted under the circumstances of this case. The motions themselves demonstrate continued disregard of the court's "prohibition on a pro se litigant acting on behalf of another," (Jan. 6, 2023, Order (DE 258) at 7), where the motions state, in context of identical form language, that an unnamed "plaintiff" is "acting as the case manager and organizer for the Plaintiffs in this case who have learning disabilities, physical disabilities, are indigent, or are elderly." (DE 388 at 7; DE 389 at 7; DE 496 at 7). Accordingly, reconsideration of the court's January 6, 2023, order is not warranted.

---

[1] The court addresses further below an objection to the first M&R filed by former intervenor plaintiffs Season Micheaux and Latisa Micheaux, which the court construes as an appeal of the magistrate judge's order denying their motion to intervene.

[2] See Unpublished Opinion of the United States Court of Appeals for the Fourth Circuit (DE 636) at 42 (dismissing appeals on the basis that "[t]he orders Appellants seek to appeal are neither final orders nor appealable interlocutory or collateral orders").

6

C.  Appeal of Magistrate Judge Order on Motion to Intervene

In their objection to the first M&R, which the court construes as an appeal of the magistrate judge's order, former intervenor plaintiffs Season Micheaux and Latisa Micheaux seek reconsideration of denial of their motion to intervene.  Upon review of the magistrate judge's order and the record in this case, the instant appeal does not provide good cause for reconsideration of denial of their motion to intervene.  Therefore, the appeal is denied.

D.  Motions to Dismiss

In the second M&R, the magistrate judge recommends granting the instant motions to dismiss on the basis of lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. The magistrate judge correctly determined that the court lacks personal jurisdiction over state and local officials and entities, as well as private organizations, located outside of North Carolina. Plaintiffs do not allege facts giving rise to a plausible inference that any of these defendants maintains "continuous and systematic" contacts with North Carolina, necessary for general jurisdiction, nor "purposefully direct[s] [their] activities at residents" of North Carolina, necessary for specific jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). In addition, plaintiffs do not allege sufficient facts to establish nationwide personal jurisdiction on the basis of RICO, 18 U.S.C. § 1965(b), which "comports with the Fifth Amendment." ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 627 (4th Cir. 1997).  Further, the magistrate judge correctly determined that plaintiffs fail to allege facts stating a "claim to relief that is plausible on its face" against the Federal Defendants.[3] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

---

[3]  This group of defendants comprises the United States of America; President Joseph R. Biden, Jr.; Vice President Kamala Harris; Secretary of the U.S. Department of Health and Human Services Xavier Becerra; U.S. Attorney General Merrick B. Garland; Associate Commissioner of the Office of the Administration for Children and Families Aysha Schomburg; and various unnamed officials with the Administration for Children and Families.

Objections by plaintiffs regarding the moving defendants' motions to dismiss do not provide a basis for rejecting the considered recommendation of the magistrate judge. For example, the objections, which are in material part identical, do not provide a basis for concluding that the claims by the objecting plaintiffs, who allege injuries in Florida, Kansas, and Connecticut, have any nexus to North Carolina. Moreover, their assertions of conspiracy are too conclusory and untethered from their own alleged experiences to give rise to a claim under RICO or to ensure that nationwide personal jurisdiction over a RICO defendant comports with due process.

Accordingly, upon de novo review of the motions to dismiss, the M&R, the objections, and the record in this case, the court adopts the recommendation in the M&R and grants the motions to dismiss.

E.  Motions for Default Judgment and for PACER Exemption

In the second M&R, the magistrate judge recommends denying the motion for default judgment filed by plaintiff Laurie Reynolds against defendant Governor Ron DeSantis. The magistrate judge correctly determined that default judgment against this defendant is not warranted without a showing that he was properly served. See Fed. R. Civ. P. 4(l) and 55(a). Objections filed by plaintiff Laurie Reynolds are not pertinent to this determination. Accordingly, the court adopts the recommendation in the second M&R and denies the motion for default judgment.

In her motion for exemption from PACER use fee, plaintiff Laurie Reynolds asserts she is indigent and unable to pay the fee. In light of the outcome of the motions presently before the court, plaintiff Laurie Reynolds has not demonstrated good cause for an exemption from the PACER user fee in this case. Therefore, the motion is denied.

F.  Dismissal of Remaining Unserved Defendants

There is no proof of service on the following remaining defendants named in the complaint: California Governor Gavin Newsom; former California Governor Jerry Brown; Lieutenant Governor of California Eleni Kounalakis; Lieutenant Governor of Texas Dan Patrick; former New Mexico Governor Michelle Lujan-Grishaw; Arizona Governor Doug Ducey; Pennsylvania Governor Tom Wolf; Georgia Governor Brian Kemp; Alaska Governor Michael Dunleavy; Michigan Governor Gretchen Whitmer; Los Angeles County Governor Jackey Lacey; Attorney General of Los Angeles County Rob Bonta; Jaimie Masters; Maricopa County, Arizona; Sebastian County, Arkansas; Scott County, Arkansas; Riverside County, California; Marion County, Florida; St. Lucie County, Florida; Camden County, Georgia; Laurens County, Georgia; Hutchinson County, Kansas; Sedgwick County, Kansas; St. Mary's County, Maryland; Oakland County, Michigan; Bernalillo County, New Mexico; Monroe County, New York; Washington County, Ohio; Alleghany County, Pennsylvania; McLennan County, Texas; Bell County, Texas; Wichita County, Texas; and Blount County, Tennessee.

The court may dismiss an action against a defendant who has not been served "within 90 days after the complaint is filed[.]" Fed. R. Civ. P. 4(m). But prior to doing so, the court must give "notice to the plaintiff" of the potential for dismissal. Id. Since more than 90 days have passed since the complaint's filing and there is no proof of service on the remaining defendants, plaintiffs must show cause within 21 days from the date of this order why the remaining defendants should not be dismissed for failure to serve them in a timely manner.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&Rs (DE 577, 635), and GRANTS the instant motions to dismiss (DE 216, 237, 261, 265, 268, 270, 272, 292, 294, 317, 335, 368, 381).

9

All claims against the following defendants are DISMISSED for lack of personal jurisdiction: Texas Governor Greg Abbott; Texas Attorney General Ken Paxton; Kings County, New York; New York Governor Kathy Hochul; Tennessee Governor Bill Lee; Los Angeles County, California; St. Francis Ministries and William Clark; Kids Central, Inc.; Florida Governor Ron DeSantis; Kent County, Michigan; Miami-Dade County, Florida; Monterey County, California; and Kansas Governor Laura Kelly.

All claims against the following Federal Defendants are DISMISSED for failure to state a claim upon which relief can be granted: United States of America; President Joseph R. Biden, Jr.; Vice President Kamala Harris; Secretary of the U.S. Department of Health and Human Services Xavier Becerra; U.S. Attorney General Merrick B. Garland; Associate Commissioner of the Office of the Administration for Children and Families Aysha Schomburg; and various unnamed officials with the Administration for Children and Families.

The court DENIES motions to set aside judgment by several former plaintiffs (DE 388, 389, 496); motions for default judgment and for exemption of PACER user fee by plaintiff Laurie Reynolds (DE 442, 642); and motions for recusal by plaintiffs Keona Bradley, Glenda Cody, Russ E. Cody, and Raymond Sipult (DE 587, 588, 589). Appeal of magistrate judge order by former intervenor plaintiffs Latisa Micheaux and Season Micheaux (DE 607) is DENIED.

Plaintiffs are hereby NOTICED that all remaining defendants will be dismissed 21 days from the date of this order, due to lack of service under Rule 4(m), unless good cause is shown why dismissal for failure to serve is not warranted.

SO ORDERED, this 21st day of August, 2023.

                                                LOUISE W. FLANAGAN
                                                United States District Judge